## *In re* BARTLESVILLE WATER CO.

No. 4644. Opinion Filed December 8, 1914.

(144 Pac. 1043.)

**TAXATION—Assessment by State Board of Equalization—Sufficiency of Evidence.** Appellant made a return to the State Board of Equalization of its property for taxation for the year 1912, valued at $52,988.89. The staate board raised the value to $110,000. Appellant was thereupon notified to show cause why its property should not be assessed in the amount to which it was raised. Appellant appeared and protested, which protest was heard and the board made a final order, assessing said property in the sum of $100,000. From this action of the board, this appeal is prosecuted. Hon. J. F. King was appointed by this court as referee to take the testimony and make and file his findings of fact. The referee finds that the fair cash value of appellant's property on February 1, 1912, was $100,000, and recommends that the order of the State Board assessing said property in said amount be affirmed. Held that, after an examination of the record and evidence, it appears that the findings of the referee are reasonably sustained by the evidence, and the same are confirmed, and the action of the State Board is likewise affirmed.

(Syllabus by the Court.)

*Appeal from State Board of Equalization;*
*J. F. King, Referee.*

Appeal by the Bartlesville Water Company from the assessment of its assets and property by the State Board of Equalization for the year 1912. Report of referee that the property was properly assessed confirmed, and action of State Board of Equalization affirmed.

*Sherman, Veasey & O'Meara,* for appellant.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty Gen., for the State.

RIDDLE, J. This is an appeal from an order of the State Board of Equalization, assessing and raising the assessment of

appellant's property, consisting of a waterworks plant in the city of Bartlesville. Upon filing the petition on appeal, Hon. J. F. King, of Newkirk, was appointed referee to take the testimony and make his findings of fact and conclusions of law, and file same in this court. In pursuance to said appointment, the referee heard the evidence, and on the 27th day of April, 1914, filed his report. The grounds of appeal are, substantially, that on the 16th day of August, 1912, and over appellant's protest, the State Board of Equalization proceeded to hear said matter and raise the assessment on appellant's property from the sum of $59,600 to the sum of $100,000. It is alleged that this raise was made arbitrarily and without any legal evidence to authorize it.

Appellant filed exceptions to the report of the referee, which exceptions are, substantially, as follows: (1) Because the same are not really findings of fact, but a blended finding of law and fact. (2) The finding shows the gross earnings, beginning February 1, 1911, and ending January 31, 1912, were $27,208.01, and the total expense, excepting improvements for the same period, was $13,191.35, leaving net $14,016.66, and finding that this would leave 6 per cent. upon a valuation of $100,000, and leave $8,000 for depreciation of its plant. (3) Excepts to the finding that no evidence was offered to show what the gross or net earnings of the company were for any series of years; and appellant contends that the evidence does show that said company had made sufficient to pay interest on its bonded indebtedness from its resources. (4) Excepts to the finding that the company had $73,300 of stock at par value, and bonds issued for $75,000, and that therefore the fair cash value of its property, estimated at the price it would bring at a fair voluntary sale, was $100,000. (5) Excepts to the conclusion of law that the finding of the State Board of Equalization should be approved that the actual cash value of the property of appellant on the 1st day of February, 1912, was $100,000.

We are unable to find in the record any of the proceedings of the State Board of Equalization. There is no case-made filed in

this court, but appellant prosecutes this appeal by filing its petition on appeal under section 7369, Rev. Laws 1910, which provides:

"In order to perfect his appeal, the party appealing shall file a notice of his appeal with the county clerk of the county wherein the assessment was made, if appeal be taken from the county board of equalization, and with the Secretary of State, if from the state board of equalization. · In such notice shall be stated the grounds of appeal."

It seems under this section a case-made is not necessary in order to bring the matter before this court. In the absence of any evidence to the contrary, we necessarily presume that the proceedings before the State Board were regular, and its conclusion sustained by the evidence. This cause, however, is before us upon exceptions to the referee's report, and we must consider it, without regard to the evidence before the State Board, except as it may be disclosed in the record here. We have examined all the evidence taken before the referee, and are of the opinion that the same is sufficient to sustain the finding of the referee. While the testimony is rather indefinite, uncertain, and general, yet there is sufficient evidence warranting the finding, and also to sustain the conclusion reached by the State Board of Equalization. It is alleged that the action of the State Board was arbitrary, yet there is nothing before us that would tend to sustain this contention. It is true said board may not have strictly followed the rules of evidence and procedure as required in the trial of cases in courts; but we apprehend this would not be necessary. Section 8, art. 10, of the Constitution, provides:

"All property which may be taxed *ad valorem* shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale.   *   *   *"

It will be seen from this provision that the framers of the Constitution never intended that the officials whose duties are to assess property for taxation should do more than estimate the reasonable fair cash value of the property. To do this, it is neces-

sary that they have sufficient information before them to sustain the estimate so made. The purpose is that all property, as nearly as may be; should be assessed at its fair cash value; that is, at its fair cash value, to be estimated. It is the duty of the taxing officers, when the matter is before them, and the court, when a party feels aggrieved and brings the matter in the manner provided by law before the court, to see that no injustice has been done. If it reasonably appears that the value placed upon the property of the person appealing is reasonable, and that no substantial injustice has been done such party, the case will not be reversed for informality or irregularity which does not affect the substantial rights of such party. Certain exhibits were introduced before the referee, the first of which seems to be a report or balance sheet of date September 30, 1912, which was prepared and furnished by the auditor and treasurer of appellant, and shows the total assets of the company, from the auditor's report of $187,-613.26, and from the treasurer's statement $161,925.97. Exhibit 2 seems to be a statement of the book value of the property in question as per balance sheet of December 31, 1910, which shows value of the total equipment, December 1, 1910, of $142,228.72, and of date October, 1911, of $159,459.70, and of September 30, 1912, $172,339.26. These are figures furnished by the appellant, and while they are subject to explanation, and may not be conclusive evidence, yet they are such documents as the referee or the State Board had a right to consider, in connection with the testimony of the witnesses before them. In addition to this, it further appears from the report made by appellant that the gross income from this plant from February, 1911, to January, 1912, was $27,208.01, and the total expense for operating for the same period was $13,191.35, leaving a net income of $14,016.66, as found by the referee.

We are therefore of the opinion that the finding of the referee that this property was assessed by the State Board of Equalization at its fair cash value is sustained by the evidence, and that the report should be confirmed, and the action of the State Board of

Equalization affirmed, and that the costs of this appeal, including the fees of the referee and the stenographer in taking the proceedings, shall be taxed to appellant; and it is so ordered.

All the Justices concur, except KANE, C. J., absent and not participating.